## PICO *et al. v.* CARILLO *et al.*

An order of Court, setting aside a default and judgment entered during vacation, is regular and correct, where there has been no service of summons upon the defendants.
This proceeding is expressly authorized by the sixty-eighth section of the Practice Act, and it is not necessary to file a bill in chancery to vacate the judgment.

APPEAL from the District Court of the Seventh Judicial District, in the County of Contra Costa.

Pico and Manso, plaintiffs in the Court below, on the twenty-first of May, 1855, instituted suit against Carillo and Sibrian, for the recovery of a large sum of money. Summons was issued, which, as to the defendant Sibrian, was returned with the following acknowledgment of service:

"I hereby waive copy of complaint and summons, and accept service in the County of Contra Costa, this twenty-first day of May, A. D. 1855.

his<br>
· " IGNACIO ⋈ SIBRIAN."<br>
mark.

On the first of June, 1855, the default of Sibrian was entered in the clerk's office, and on the eleventh of June, 1855, final judgment had against him for fifteen thousand five hundred and forty-two dollars and fifty cents, and costs.

On the eighteenth of June, 1855, Carillo was duly served at Los Angeles, by the sheriff of that county, his default entered on the thirtieth of July, 1855, and on the same day, judgment against him and Sibrian entered in the clerk's office for fifteen thousand eight hundred and eighty-seven dollars and seventy-eight cents, and costs.

On the first of October, 1855, Sibrian moved the Court below to open his default, and set aside the judgments on the two grounds, to wit:

" 1. That there hath been no legal service of process in said entitled cause made upon him, the said Sibrian.

" 2. That this honorable Court hath no jurisdiction of him, the said Sibrian."

This motion was sustained by the Court, on the twelfth of October, 1855, and leave given to Sibrian to answer within thirty days thereafter, upon the payment of costs that had accrued up to the time of the rendition of the judgment. It was from this order that the appeal was taken by the plaintiffs.

*H. Mills,* counsel for Appellant.

The District Court can review a judgment only by suit in equity for fraud, or by a proceeding under the sixty-eighth section of the Practice Act, on the ground of mistake, inadvertence, surprise, or excusable neglect. All these are subjects for the interference of a Court of Equity. See 1 Story's Equity Jurisprudence.

The motion to set aside the judgment does not allege any one of the subjects embraced in the sixty-eighth section of the Practice Act, but raises a question of legality of the service of the summons.

If there had been no service of summons, and this had appeared by affidavit, perhaps the District Court might interfere, by its equity power, under the sixty-eighth section, on the ground of surprise, and set aside the judgment. Service of summons is not denied, but it is claimed that service was irregularly made. This error can be reviewed on appeal, and not otherwise.

It should appear by the motion, that the substantial right of the defendant, Sibrian, was affected by the alleged irregularity. Practice Act, § 71.

The plaintiffs having acted under the admission of the defendant Sibrian, that he had accepted service, he is estopped from denying such service. Holster *v.* Hays, 3 Cal. R., 302 ; Dezell *v.* Odell, 3 Hill, 215 ; 6 Hill, 534.

*John Currey and M. S. Chase* for Respondents.

This waiver has Sibrian's name written at the foot thereof, with a mark in this form, " ⋈ " which seems to indicate that he only made his mark.

There is no subscribing witness thereto, as is required by § 646 of the Practice Act.

The whole case turns upon the point, whether the Judge could set aside the entry of judgment against Sibrian, when it appeared from the summons itself, with the alleged waiver of service, that no execution of a waiver had been made by Sibrian.

In State v. Woodlief, 2 Cal., 241, it was held that a summons, radically defective, could not sustain a judgment upon default; it may be asked a fortiori, could one not served do so? As to appellant's argument of estoppel, it is sufficient to say, that it involves a petitio principii, which respondent never having granted, still refuses to grant.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

The order of the Court below, setting aside a default, and judgment entered during vacation, was regular and correct, inasmuch as there had been no service of summons upon the defendants.

This proceeding is expressly warranted by the sixty-eighth section of the Practice Act, and, in a case where there has been no service whatever, it is not necessary to file a bill in chancery to vacate the judgment; but it may be set aside or re-opened, on motion, within the time allowed by law.

Although the "want of proper legal service" was the ground of the defendants' motion in the Court below, the record shows that there was, in fact, no service whatever.

Judgment affirmed.